UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVANNA GREER,<br><br>              Plaintiff,<br><br>      v.<br><br>JUDGE MARK CURRY, et al.,<br><br>              Defendants. | Case No. 2:25-cv-00362-DAD-CSK<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 2) |

Plaintiff Javanna Greer is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

I.      **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,650.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

      Here, Plaintiff's IFP application indicates she receives a total average monthly income of $2,190 that consists of $1,395 in "self-employment," $500 in "gifts," and $295 in "public assistance." ECF No. 2 at 1-2. Plaintiff further avers she pays $1,895 a month for "rent or home-mortgage," $150 in utilities, $295 in food, $10 in "laundry and dry-cleaning," and $25 in "alimony, maintenance and support paid to others." *Id*. at 4. Plaintiff has made the required showing under 28 U.S.C. § 1915(a). *See generally* ECF No. 2. The Court, however, will recommend Plaintiff's IFP application be denied because the action is facially frivolous and without merit because it fails to state a claim and lacks subject matter jurisdiction. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to

proceed in forma pauperis."). Because it appears from the face of the Complaint that this action is frivolous and is without merit as discussed in more detail below, the Court recommends denying Plaintiff's IFP motion.

## II.     SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be

1  cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80
2  F.3d 336, 339 (9th Cir. 1996).

### III. THE COMPLAINT

Plaintiff brings this action against Defendants Judge Mark Curry, Judge Raymona DeJesus, Judge Alan Pineschi, Judge Suzanne Gazzaniga, Judge Rei Onishi, Commissioner John Paulsen, Commissioner Michael Jacques, Commissioner Scott Harmon, Attorney Brooke Stephens, Public Defender Alicia Escobedo, and Sacramento Child Support Services (DCSS). Compl. at 1, 2 (ECF No. 1). Plaintiff alleges the following six (6) causes of action: (1) violation under Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; (2) violation under 18 U.S.C. § 242; (3) violation under 42 U.S.C. § 658a; (4) due process and equal protection violations under 42 U.S.C. § 1983; (5) violation under 18 U.S.C § 242; and (6) violation under 42 U.S.C. § 1983. *Id*. at 4-5. Plaintiff alleges that on December 27, 2018, an ex parte hearing was held and Plaintiff's "sole custody was removed though an illegal FCS-3131 order." *Id*. at 3. Plaintiff alleges subsequent state court proceedings have resulted in a "no visitation order" and a continuing "alienation and violations of constitutional rights and California law" of Plaintiff's parental rights. *Id.* Plaintiff alleges Defendants have made a "coordinated effort" to subject Plaintiff to "fraudulent legal proceedings, deprivation of parental rights, and financial exploitation." *Id*. at 2. Plaintiff further alleges her employer, Hooch's Bar and Grill, garnished her wages for child support and as a result failed to pay Plaintiff her wages. *Id*. at 3. Plaintiff alleges the child support orders are excessive and are based on falsified financial statements. *Id*. at 4. For relief, Plaintiff seeks declaratory and injunctive relief, damages and restitution. *Id*. at 6.

### IV. DISCUSSION

#### A. Judicial Immunity

Plaintiff names in the Complaint Defendants Judge Mark Curry, Judge Raymona DeJesus, Judge Alan Pineschi, Judge Suzanne Gazzaniga, Judge Rei Onishi, Commissioner John Paulsen, Commissioner Michael Jacques, and Commissioner Scott

4

Harmon. Compl. at 1, 2. Under the doctrine of judicial immunity, judges have absolute immunity for their acts related to the judicial process. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985). A court Commissioner is also entitled to judicial immunity. *Razavi v. Traffic Court of Santa Clara Cnty.*, 2019 WL 1676018, at *4 (N.D. Cal. Apr. 17, 2019) (citations omitted). Judicial immunity is an immunity from suit and from an assessment of damages, and applies even when a judge is accused of acting maliciously or corruptly. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547, 554-54 (1967). Judicial immunity can be overcome when a judge acts outside of his or her judicial capacity and where judicial actions were taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11.

Plaintiff alleges generally the judicial defendants "presided over illegal rulings." Compl. at 2. Plaintiff further alleges Defendant Commissioner Michael Jacques "ordered an excessive child support amount" and ignored "the legally required DISSO Master Calculator." *Id*. at 4. The conduct Plaintiff challenges as to these defendants clearly relate to their judicial duties. *See In re Castillo*, 297 F.3d at 947. Therefore, Plaintiff's claims against Defendants Judge Mark Curry, Judge Raymona DeJesus, Judge Alan Pineschi, Judge Suzanne Gazzaniga, Judge Rei Onishi, Commissioner John Paulsen, Commissioner Michael Jacques, and Commissioner Scott Harmon should be dismissed based on judicial immunity. *Id.*

### B.   Subject Matter Jurisdiction

The Court also lacks subject matter jurisdiction over this action. Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a

case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

The Complaint does not establish the Court's subject matter jurisdiction. *See* Compl. Although the Complaint raises claims based on federal statutes, this action's central issue is Plaintiff's child custody and child support proceedings in state court. This Court lacks jurisdiction over Plaintiff's claims concerning child custody issues because they are exclusively matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees"); *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (stating that "federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and a fortiori, right of visitation.' For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter.") (internal citations omitted); *see also Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986) ("Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters.")

Second, this Court lacks jurisdiction to review final determinations of state court proceedings as they are barred by the *Rooker-Feldman* doctrine. *See Worldwide Church of God v. McNair, et al.*, 805 F.2d 888, 890 (9th Cir. 1986) (stating that under the *Rooker-Feldman* doctrine, federal district courts may not "review the final determinations of a state court in judicial proceedings"); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (holding that district courts lack subject matter jurisdiction if the current claims

are "inextricably intertwined" with a state court decision and "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules"). Here, Plaintiff is seeking to "void" the child support and child custody state court rulings based on fraud and for "immediate correction of child support calculations, reinstatement of custody, and modification rights." Compl. at 6. To the extent Plaintiff asserts an exception to the *Rooker-Feldman* doctrine based on extrinsic fraud, Plaintiff has failed to sufficiently allege any of Defendants' actions prevent her from presenting her claims in state court. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004). Therefore, Plaintiff's action is barred by the *Rooker-Feldman* doctrine.

### C. Federal Rule of Civil Procedure 8

Plaintiff's Complaint also does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Here, the Complaint does not contain facts supporting any cognizable legal claim against Defendants. The Complaint consists of vague and conclusory allegations that fail to establish Plaintiff's causes of action. In addition, 18 U.S.C. § 242, a criminal statute, does not provide a private civil cause of action. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming claims brought under 18 U.S.C. § 242 do not give rise to civil liability because it is a criminal statute).

Because the Complaint is unintelligible, granting leave to amend in this case would not be fruitful. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Complaint therefore fails to state a claim on which relief may be granted and is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996)

(affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### D. Leave to Amend

In considering whether leave to amend should be granted, the Court finds that the Complaint is without merit and consists entirely of allegations with no basis in law. *See generally* Compl. The Complaint does not contain facts supporting any cognizable legal claim against Defendants. In light of the Court's lack of subject matter jurisdiction and the Complaint's deficiencies, granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

### V. CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;
2.  Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and
3.  The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: May 28, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, gree0362.25